UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| THIRTY-EIGHT FIREARMS AND ) | Misc. No. 4:13-mc-0002-SEB-TAB |
| 12,858 ROUNDS OF AMMUNITION SEIZED ) | |
| FROM THE RESIDENCE LOCATED AT ) | |
| 705 LEON PRALL ROAD, OSTICO, CLARK ) | |
| COUNTY, INDIANA ON OCTOBER 26, 2012 ) | |

**ORDER ON MOTION FOR IMMEDIATE RETURN OF PROPERTY
AND MOTION FOR SANCTIONS**

**I.     Introduction**

Claimant Kelly Corrick seeks the return of firearms and ammunition seized by Indiana State Police officers and ATF agents and alleges that the federal government has wrongfully failed to promptly return her property.  The government responds that Corrick's motion for the return of property and for sanctions should be denied because the Court lacks jurisdiction over the property.  For the reasons set forth below, Corrick's motion for the immediate return of property and sanctions [Docket No. 9] is denied.

**II.    Facts and Procedural History**

On October 26, 2012, the Clark Superior Court issued a search warrant authorizing ISP to search Corrick's home "for firearms [and] ammunition … related to the investigation of a serious violent felon in possession of firearms and/or stolen firearms."  [Docket No. 10-1.]  On the same day, ISP officers and ATF agents executed the warrant and seized 38 firearms and 12,858 rounds of ammunition.  [Docket No. 10 at 1–2.]  Clark Superior Court issued the warrant, yet ATF agents took control of the property and initiated forfeiture proceedings.  [*Id.*]  The Clark County

1

prosecutor never filed a motion to transfer the property to federal authorities and Clark Superior Court did not issue such an order. [*Id.* at 4.]

On November 6, 2012, Corrick received notice that ATF initiated forfeiture proceedings. [Docket No. 11-1.] On November 28, 2012, Corrick filed a claim of ownership with ATF and Corrick's counsel sent ATF a letter asserting that the property was unlawfully transferred from ISP officers to ATF agents. [Docket No. 11-2.]

On March 1, 2013, this Court granted the government's motion to extend time to file a complaint for forfeiture and/or to obtain an indictment alleging forfeiture. [Docket Nos. 1, 4.] The government indicated it was conducting an ongoing investigation related to the forfeiture proceedings. [*Id.*] In responding, Corrick did not raise any jurisdictional issue. [Docket No. 5.] On June 3, 2013, the government filed an unopposed motion for an extension of time to file its complaint, resulting in a revised deadline of July 3, 2013. [Docket Nos. 7, 8.] On July 16, 2013, Corrick filed the pending motion for return of seized firearms and ammunition. [Docket No. 9.] The government responded that the Court lacked jurisdiction over Corrick's property and that her miscellaneous cause was not the appropriate forum for a constitutional claim for relief. [Docket No. 10 at 5–6.] At a hearing held on September 25, 2013, the government asserted that it became aware of the jurisdictional issue sometime after its June 3, 2013 motion for an extension of time.

### III. Discussion

*A. Jurisdiction*

The government argues that the Court lacks jurisdiction over the seized property because the property was not legally transferred to ATF pursuant to Indiana Code § 35-33-5-5. [Docket No. 10 at 2–5.] Corrick argues that the federal government illegally took possession of her

2

property and should not be allowed to use the law to shield its unlawful activity.  [Docket No. 11.]

Indiana Code § 35-33-5-5(a) provides that "[a]ll items of property seized by any law enforcement agency as a result of [a] … search warrant … shall be securely held by the law enforcement agency under the order of the court trying the cause."  Indiana Code § 35-33-5-5(j) provides that "upon motion of the prosecuting attorney, the court shall order property seized under 34-24-1 transferred … to the appropriate federal authority."  To legally transfer seized property, Indiana Code "requires a motion by the prosecuting attorney and an order from the court to transfer the property."  *Martin v. Indiana State Police*, 537 F. Supp. 2d 974, 987 (S.D. Ind. 2008).  Here, the prosecutor never filed a motion to transfer the property to federal authorities and the Clark Superior Court never issued the required transfer order.

The *Martin* Court analyzed a similar jurisdictional issue.  In *Martin*, officers who were cross-deputized with both state and federal law enforcement agencies seized over $300,000 pursuant to a state court search warrant.  *Id.* at 978.  The seized property was held by U.S. Customs and forfeiture proceedings were initiated.  *Id.* at 978–9.  However, the state court that issued the search warrant never ordered the property to be transferred.  *Id.* at 987.  Consequently, the court held that "there was no valid transfer of jurisdiction from the state court, so that the federal forfeiture proceeded without jurisdiction over the *res*."  *Id.*

The *Martin* court explained that Indiana Code "provides that the court trying the cause retains control over the seized property, not that the agency that physically seized the property retains control.  By issuing the search warrant, the Marion Superior Court retained control over the seized property unless and until it issued a transfer order."  *Id.*  Here, both state and federal law enforcement agents executed and seized property pursuant to a state-issued search warrant.

ATF could not have jurisdiction over the property until the Clark Superior Court entered a transfer order because the property was seized pursuant to a state-issued search warrant. Without the state court entering a transfer order, this Court is without jurisdiction over the property.

    *B. Sanctions*

Corrick requests sanctions—including attorney's fees—for the government's delay in promptly returning her property. [Docket No. 9 at 4.] The government argues that the current miscellaneous cause is not the proper forum to bring a due process claim for relief and that the government did not permanently deprive Corrick of her property. [Docket No. 10 at 5–6.] 18 U.S.C. §§ 983(3)(A)–(B) require the government to "promptly" return seized property if the government does not file a complaint for forfeiture and/or obtain an indictment alleging forfeiture of the property within 90 days of a person's filing a claim of ownership.

In this case, the government successfully extended the statutory deadline twice, which resulted in an additional 120 days to file a complaint for forfeiture and/or an indictment. [Docket Nos. 4, 8.] The government never filed a complaint for forfeiture or an indictment with this Court. Rather, the government transferred Corrick's property—sometime after the Court granted the government's second requested extension of time—back to state authorities and now correctly asserts that this Court never had jurisdiction over the property.

Relying on 18 U.S.C. § 983(a)(3)(A), Corrick argues that the government disregarded its obligation to "promptly" return the seized property. However, this argument fails because the Court lacks jurisdiction to adjudicate the substantive federal claim. As such, the Court cannot impose sanctions against the government for failing to return the property.

Nevertheless, Federal Rule of Civil Procedure 11(c) permits the Court to impose sanctions on its own initiative. When filing a motion with the court, an attorney certifies that "to

the best of the person's knowledge,… formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and] (2) the claims … are warranted by existing law." Fed. R. Civ. P. 11(b)(1)–(2).  The primary purpose of Rule 11 sanctions is "to deter abusive litigation practices." *Corley v. Rosewood Care Center, Inc. of Peoria*, 388 F.3d 990, 1013 (7th Cir. 2004).  Furthermore, sanctions can only be imposed if the government acted willfully or in bad faith. *Miller v. Vohne Liche Kennels, Inc.*, No. 1:12-cv-00054-TWP-TAB, 2013 WL 1363578, at *3 (S.D. Ind. 2013) (holding that sanctions were inappropriate because plaintiff's frivolous suit was not litigated in bad faith).

    The government initiated proceedings in this Court and twice filed motions for extensions of time to file a complaint for forfeiture.  Only after two extensions of time were granted did the government assert that jurisdiction is improper.  Moreover, Corrick's counsel even notified ATF that Corrick's property was unlawfully transferred from ISP officers to ATF agents. [Docket No. 11-2.]  According to Corrick, such conduct suggests impropriety.

    However, the government's actions—while perhaps sloppy— were not done in bad faith and do not rise to a level requiring sanctions.  The government requested extensions of time because of its ongoing investigation related to the forfeiture of Corrick's property. [Docket No. 1 at 4; Docket No. 7 at 4–5.]  The government noted that "a short extension of the statutory deadline prevents the unnecessary expenditure of public resources and funds by making it unnecessary to file a complaint for forfeiture against the property followed by an indictment alleging that the property is subject to forfeiture." [Docket No. 1 at 4.]

    There is no evidence that the government did not investigate.  Moreover, the government did not make any false statements in any filings with this Court.  Rather, the government learned

5

of the improper transfer of property after filing its second motion for an extension of time and after its discussions with the state prosecutor regarding a potential trial on Corrick's state criminal charges. After learning of the illegal transfer, the government returned the property to state authorities. While the government certainly could have discovered and corrected the transfer of property sooner, the government's motions for extensions of time were not filed in bad faith or contain any false statements. The Court therefore declines to impose sanctions upon the government.

## IV.     Conclusion

For these reasons, Corrick's motion for immediate return of property and sanctions [Docket No. 9] is denied.

Dated: 11/01/2013

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick J. Renn
prenn@600westmain.com

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE
william.mccoskey@usdoj.gov